UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WARREN PALMER, III**                                                 **CIVIL ACTION**

**VERSUS**                                                                      **NO. 03-2983**

**N. BURL CAIN, WARDEN**                                          **SECTION "A"(5)**

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **GRANTED**.

### *I. Procedural history*

Petitioner, Warren Palmer, III, is a state prisoner incarcerated in the Louisiana State Penitentiary in Angola, Louisiana. On October 1, 1992, Palmer pleaded guilty in the Seventeenth Judicial District Court for the Parish of Lafourche to the reduced charge of second-degree murder under Louisiana Revised Statute 14:30.1 for a crime he committed when he was seventeen (17) years old.[1] He was sentenced to life imprisonment without benefit of probation, parole or suspension of sentence — the mandatory sentence for second degree

---

[1] State Rec., Vol. 1 of 2, Transcript of *Boykin* proceedings, p. 3.

murder at the time.[2]  He did not appeal the conviction or sentence.

On June 25, 2012, the United States Supreme Court decided *Miller v. Alabama*, 132 S.Ct. 2455 (2012), holding that a mandatory life sentence without parole for juvenile offenders for a crime committed when they were under eighteen years old violates the Eighth Amendment's prohibition on 'cruel and unusual' punishments.  Shortly thereafter, Palmer filed a motion to correct an illegal sentence in the state district court, arguing that his sentence was unconstitutional under *Miller*.[3]  The state district court denied the motion, finding that *Miller* did not apply retroactively.[4]  The Louisiana First Circuit Court of Appeal denied his related writ application challenging that ruling.[5]  The Louisiana Supreme Court subsequently denied relief.[6]

On January 28, 2015, Palmer filed the instant federal *habeas corpus* application seeking

---

[2] *Id.* at p. 9.

[3] Motion to Correct an Illegal Sentence, 17th Judicial District Court, No. 1992-C-241451. A copy of a supplemental brief in support is contained in the state court record. State Rec., Vol. 1 of 2.

[4] District Court Judgment and Reasons for denying motion to correct an illegal sentence, signed March 24, 2014. See Rec. Doc. 23-1, pp. 22-23 (attachment to Palmer's motion for leave to supplement memorandum in support).  The state court record submitted is incomplete and does not contain copies of the majority of pleadings or rulings that pertain to the motion to correct an illegal sentence.

[5] Rec. Doc. 23-1, p. 24, *State v. Palmer*, 2014-KW-0590 (La. App. 1st Cir. 7/1/14).

[6] Rec. Doc. 23-1, p. 25, *State ex rel. Palmer v. State*, 2014-KH-1575 (La. 11/21/14), 160 So.3d 970.

relief under *Miller*.[7] The State filed a motion to dismiss, arguing that Palmer's application should be dismissed because *Miller* is not retroactive to cases on collateral review.[8] That motion was denied as improper and construed as an answer to Palmer's federal application for relief.[9] However, the matter was then stayed in the interest of judicial economy due to the United States Supreme Court's March 23, 2015 grant of certiorari in *Montgomery v. Louisiana*, 135 S.Ct. 1546 (2015).[10] Subsequent to the entry of that stay, the Supreme Court in *Montgomery* held that *Miller* imposed a substantive rule of law that must be applied retroactively. *Montgomery v. Louisiana,* 136 S.Ct. 718, 734 (2016). Following the *Montgomery* decision, Palmer timely moved to lift the stay and for judgment granting relief.[11] The Court lifted the stay and ordered additional briefing in light of the newly issued *Montgomery* decision.[12] Palmer submitted a counseled supplemental petition for *habeas corpus* relief and motion for remand with supporting memorandum, arguing that he is entitled to *habeas* relief

---

[7] Rec. Doc. 23, Petition. Palmer was granted authorization to proceed with the instant federal application by the United States Fifth Circuit Court of Appeals. Rec. Doc. 19. A review of the state-court procedural history preceding his initial federal *habeas corpus* application may be found at Rec. Doc. 8.

[8] Rec. Doc. 29.

[9] Rec. Doc. 31.

[10] Rec. Doc. 32.

[11] Rec. Doc. 33.

[12] Rec. Doc. 34.

3

because his life sentence without parole is unconstitutional pursuant to *Miller* and *Montgomery*.[13] The State filed a response in which it concedes that Palmer's request for relief, *i.e.*, resentencing by the state courts in accord with the dictates of *Miller*, is proper.[14]

## *II. Analysis*

In *Miller v. Alabama*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders. By making youth (and all that accompanies it) irrelevant to imposition of that harshest prison sentence, such a scheme poses too great a risk of disproportionate punishment." *Miller*, 132 S.Ct. at 2469 (citation omitted).

In *Montgomery v. Louisiana*, the Supreme Court held that *Miller* is in fact retroactive. *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016). In reasoning that *Miller* imposed a substantive rule of law that must be applied retroactively, the Supreme Court explained:

> *Miller*, then, did more than require a sentencer to consider a juvenile offender's youth before imposing life without parole; it established that the penological justifications for life without parole collapse in light of "the distinctive attributes of youth." *Id*., at ––––, 132 S.Ct., at 2465. Even if a court considers a child's age before sentencing him or her to a lifetime in prison, that sentence still violates the Eighth Amendment for a child whose crime reflects " 'unfortunate yet

---

[13] Rec. Doc. 36, 36-3.

[14] Rec. Doc. 38. The State cites the need for sufficient time to implement both substantive and procedural rules, citing several bills (HB 264, SB 127, HB 554 and SB 278) filed in response to *Montgomery v. Louisiana.* These proposed bills are presently pending before the Louisiana Legislature.

> transient immaturity.' " *Id.*, at ––––, 132 S.Ct., at 2469 (quoting *Roper*, 543 U.S., at 573, 125 S.Ct. 1183). Because *Miller* determined that sentencing a child to life without parole is excessive for all but " 'the rare juvenile offender whose crime reflects irreparable corruption,' " 567 U.S., at ––––, 132 S.Ct., at 2469 (quoting *Roper*, *supra*, at 573, 125 S.Ct. 1183), it rendered life without parole an unconstitutional penalty for "a class of defendants because of their status"—that is, juvenile offenders whose crimes reflect the transient immaturity of youth. *Penry*, 492 U.S., at 330, 109 S.Ct. 2934. As a result, *Miller* announced a substantive rule of constitutional law. Like other substantive rules, *Miller* is retroactive because it " 'necessarily carr[ies] a significant risk that a defendant' "—here, the vast majority of juvenile offenders—" 'faces a punishment that the law cannot impose upon him.' " *Schriro*, 542 U.S., at 352, 124 S.Ct. 2519 (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

*Montgomery v. Louisiana*, 136 S.Ct. at 734.  The Supreme Court concluded:

> The Court now holds that *Miller* announced a substantive rule of constitutional law. The conclusion that *Miller* states a substantive rule comports with the principles that informed *Teague*. *Teague* sought to balance the important goals of finality and comity with the liberty interests of those imprisoned pursuant to rules later deemed unconstitutional. *Miller's* conclusion that the sentence of life without parole is disproportionate for the vast majority of juvenile offenders raises a grave risk that many are being held in violation of the Constitution.

*Id.* at 736.

In the instant case, it is not disputed that Palmer was under the age of 18 when he committed the crime at issue for which he received a mandatory sentence of life imprisonment without the possibility of parole — a sentence that has been declared unconstitutional by the United States Supreme Court in an opinion announcing a new substantive rule of law that applies retroactively to Palmer.  The state courts denied Palmer relief under *Miller* based on a conclusion that *Miller* has no retroactive effect to cases on collateral review — a conclusion

5

that is directly contrary to the United States Supreme Court's holding in *Montgomery*. For these reasons, the Court finds that Palmer is entitled to federal *habeas corpus* relief.

Palmer has requested that the Court grant his supplemental petition for *habeas corpus* relief in order to allow the state courts to resentence him in accordance with the dictates of *Miller*. The State does not oppose the resentencing pursuant to *Miller v. Alabama* and *Montgomery v. Louisiana*. Accordingly, the undersigned finds that Palmer is entitled to be resentenced in conformity with *Miller* and that the state courts, in the first instance, are entitled to determine the appropriate sentence. *Cf. Hills v. Cain*, Civ. Action No. 11-0490, 2012 WL 3524759, at *3 (M.D. La. July 5, 2012) (making an analogous finding with respect to a sentence determined to be unconstitutional under *Graham v. Florida*, 560 U.S. 48 (2010), *adopted*, 2012 WL 3524756 (M.D. La. Aug. 15, 2012).

## **RECOMMENDATION**

**IT IS RECOMMENDED** that Palmer's application for federal *habeas corpus* relief be **GRANTED,** that his sentence of life imprisonment without benefit of probation, parole or suspension of sentence be **VACATED**, and that the state trial court be ordered to resentence him in conformity with *Miller v. Alabama*, 132 S.Ct. 2455 (2013), within one-hundred twenty (120) days from entry of judgment or release him from confinement.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[15]

New Orleans, Louisiana, this 4th day of April, 2016.

                                          MICHAEL B. NORTH
                                    UNITED STATES MAGISTRATE JUDGE

---

[15] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.